IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| JAMES CLAYTON HEWITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:26-cv-05012-MDH |
| ROBERT JOHN FOULKE et al., | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff James Clayton Hewitt's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 1). Plaintiff has attached his Application to Proceed Without Prepaying Fees or Costs in support. *Id*. Plaintiff seeks leave to proceed *in forma pauperis* wishing to file a Complaint arguing that Defendants initiated a guardianship action as to Carolyn S. Hewitt, Plaintiff's wife, without legal service of process. Plaintiff alleges that a judgment was entered without personal jurisdiction, and that judgment put Ms. Hewitt in a funded medical facility against the will of Plaintiff. Plaintiff further alleges that on February 10, 2026, hearing, Defendant Foulke ordered Plaintiff to "sit down and shut up" when Plaintiff attempted to present a notice of special appearance challenging jurisdiction to which Plaintiff claims violated his First Amendment Right to Petition and Fourteenth Amendment Due Process rights.

Also before the Court is Plaintiff's *Pro Se* Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2). Plaintiff asks for a TRO and preliminary injunction enjoining Defendants from further enforcement of state-court orders and directing the immediate release of Carolyn S. Hewitt. The Court will take each of these motions in turn.

**I.      Motion for Leave to Proceed *In Forma Pauperis***

1

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's Complaint to be filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Here, Plaintiff's financial condition and status may well qualify him to proceed *in forma pauperis*. However, before Plaintiff may proceed, the Court must preliminarily consider the allegations of the Complaint under the three-prong test. Plaintiff's Proposed Complaint alleges three counts against Defendants: Count I - 18 U.S.C. § 241 - Conspiracy Against Rights; Count II - 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law; and Count III - Mo. Rev. Stat. § 576.040 - Official Misconduct.[1] The Court will take each claim in turn.

A. **Counts I and II - 18 U.S.C. §§ 241 and 242**

Plaintiff fails to state a claim upon which relief can be granted as to Counts I and II. The two statutes Plaintiff cites, 18 U.S.C. § 241, "Conspiracy Against Rights" and 18 U.S.C § 242, "Deprivation of Rights Under Color of Law" are criminal in nature and do not give her a private right of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows

---

[1] The Court questions whether Plaintiff has standing to bring his claims as Federal Rule of Civil Procedure 17 states that an action must be prosecuted in the name of the real party in interest. To the extent Plaintiff argues his own rights are violated, he would have standing. However, regarding the rights of Carolyn S. Hewitt she must either bring her own claims or Plaintiff must establish he is permitted to bring these claims on her behalf pursuant to Federal Rule of Civil Procedure 17. The Court need not expound on this point as the Court will deny Plaintiff's motion on other grounds.

2

Case 3:26-cv-05012-MDH    Document 3    Filed 02/18/26    Page 2 of 4

federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241–242, and that the "statutes do not give rise to a civil action for damages"). For this reason, Plaintiff fails to state a claim upon which relief can be granted as to Counts I and II.

    **B.    Count III - Mo. Rev. Stat. § 576.040 - Official Misconduct**

Mo. Rev. Stat. § 576.040 is titled official misconduct -- penalty. It states in relevant part:

> A public servant, in such person's public capacity or under color of such person's office or employment, commits the offense of official misconduct if he or she:
>
> > (2) Knowingly demands or receives any fee or reward for the execution of any official act or the performance of a duty imposed by law or by the terms of his or her employment, that is not due, or that is more than is due, or before it is due;
> >
> > (5) Is an officer or employee of any court and knowingly charges, collects or receives less fee for his services than is provided by law;
> >
> > (6) Is an officer or employee of any court and knowingly, directly or indirectly, buys, purchases or trades for any fee taxed or to be taxed as costs in any court of this state, or any county warrant, at less than part value which may be by law due or to become due to any person by or through any such court[.]
>
> The offense of official misconduct is a class A misdemeanor.

Mo. Rev. Stat. § 576.040.1-2. Here, Plaintiff has failed to allege any facts that would show a violation of this statute. Further, any violation of this statute is considered a class A misdemeanor. This is a criminal statute and one that does not give rise to a private cause of action enforceable by the public. For these reasons, Plaintiff has failed to state a cause of action upon which relief can be granted as to Count III.

    Overall, Plaintiff's Proposed Complaint lists three different counts on which he seeks relief but fails to state a claim on any of those counts in which this Court could grant relief. Additionally, the federal courts share concerns for finality and consistency and have generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S.

477, 484–85, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). Plaintiff is better served bringing his arguments in the first instance to the state trial and appellate courts through the state appellate process who would be able to review the guardianship proceeding. For the reasons stated, the Court will deny Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim upon which relief can be granted.

II. **Emergency Motion for TRO and Preliminary Injunction**

As the Court has denied Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* for failure to state a claim upon which relief can be granted, the Court further finds that Plaintiff's *Pro Se* Motion for TRO and Preliminary Injunction is found as moot.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* is **DENIED** and Plaintiff's *Pro Se* Motion for TRO and Preliminary Injunction is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

Date: February 18, 2026

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**